**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK A. CAIN,

Defendant-Appellant.

No. 01-3263
(D.C. No. 01-CR-10017-01-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Mark A. Cain pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court imposed a four-level enhancement to his sentence under USSG § 2K2.1(b)(5) on the ground that defendant "used or possessed any firearm or ammunition in connection with another felony offense." As a result, the court sentenced defendant at the low end of the guideline range at a total offense level of 21 and a criminal history category of IV, imposing fifty-seven months' imprisonment. If the four-level increase under § 2K2.1(b)(5) had not been applied, then defendant would have been sentenced at offense level 17. Defendant appeals from the imposition of the enhancement.

Defendant's conviction arose after his co-defendant, Marvin Gray, arranged to trade a gun for two baggies of cocaine that together weighed approximately 1/8th ounce. The "dealer," actually an undercover officer, drove to the designated address. Mr. Gray and Mr. Cain got into the officer's car, and Mr. Cain gave the officer a gun in exchange for the cocaine. The pair were attempting to obtain the cocaine for their personal use. Defendant used approximately 1/16th ounce of cocaine per day.

The sentencing court found that an enhancement under USSG § 2K2.1(b)(5) was appropriate for either of two reasons. First, defendant had previously been convicted of possession of marijuana, so his possession of cocaine in this case

was a felony rather than a misdemeanor. R., Vol. II, Doc. 59, at 8-9. Second, defendant could have been charged with distribution of a controlled substance or conspiracy to distribute a controlled substance, either of which is a felony. Id. at 9.

Defendant argues on appeal that the § 2K2.1(b)(5) enhancement does not apply because: (1) his prior conviction for possession of marijuana was in violation of a municipal code, not state law, and cannot be used to make possession of cocaine in this case a felony; and (2) his prior conviction for possession of marijuana was too remote in time to be used to make possession of cocaine in this case a felony; and (3) there was not enough cocaine involved in this transaction to raise an inference that defendant intended to distribute it, and there is therefore no evidence to support a conspiracy or distribution charge under 21 U.S.C. §§ 841 and 846. We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. Farrow, 277 F.3d 1260, 1262 (10th Cir. 2002). "However, we review factual findings underlying upward adjustments with deference, overturning them only upon a determination that the findings were clearly erroneous or without factual support in the record such that our review leaves us with the firm and definite conviction that a mistake has been made." Id. (quotation omitted).

To support a conviction for distribution of a controlled substance under 21 U.S.C. § 841(a), "[t]he defendant need only possess any measurable quantity of a controlled substance under circumstances which establish his intent to distribute the substance." United States v. Poole, 929 F.2d 1476, 1483 (10th Cir. 1991). The evidence in this case showed that Mr. Gray and Mr. Cain arranged to use a gun to obtain twice as much cocaine as Mr. Cain needed for his personal use. Therefore, the evidence was legally sufficient to support a charge against defendant under 21 U.S.C. §§ 841 and 846. Therefore, the §2K2.1(b)(5) enhancement was appropriate.

We need not address defendant's other arguments.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-4-